Filed: 9/11/2020 2:50 PM
Marcus Carlock
District Clerk
Titus County, Texas
Sharolyn Redar

Titus County - District Clerk

CAUSE NO. 41665 _____

| | | |
|---|---|---|
| BRYAN SMITH; AND MARKISHA SMITH; | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | TITUS COUNTY, TEXAS |
| PAUL HORTON; COASTAL CARRIERS; AND SUKHNINDER KAUR; | § § § § § § | |
| Defendants. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND DISCOVERY REQUESTS TO DEFENDANTS

Plaintiffs Bryan Smith and Markisha Smith file Plaintiffs' Original Petition complaining of Defendants Paul Horton, Coastal Carriers, and Sukhninder Kaur.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## III. PARTIES

Plaintiff Bryan Smith is an individual resident of Maumelle, Pulaski County, Arkansas. His driver's license number is *****235 and his social security number is ***-**-*329.

Plaintiff Markisha Smith is an individual resident of Maumelle, Pulaski County, Arkansas. Her social security number is ***-**-3173.

Defendant Paul Horton is an individual resident of Rialto, San Bernardino County, Texas and may be served with process at 245 E First St, #2117, Rialto, CA 92376.

Defendant Coastal Carriers is a corporation doing business in Encino, Los Angeles County, California and may be served with process by serving its registered agent, California Corporate Agents, Inc. at 16830 Ventura Boulevard, #360, Encino, CA 91436.

Defendant Sukhninder Kaur is an individual resident of Riverside, Riverside County, California and may be served with process at 2505 Sandra Drive, Riverside, CA 92509.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Titus County, Texas. Venue therefore is proper in Titus County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Friday, January 25, 2019 on Interstate 30 within the city limits of Titus County, Texas. Plaintiff Bryan Smith was operating his vehicle westbound on Interstate 30 in the left lane. Defendant Paul Horton was operating his 18-wheeler westbound on Interstate 30 in the right lane. Defendant Paul Horton made an unsafe lane change into Plaintiff's lane forcing Plaintiff's vehicle off the road and into a cable barrier. As a result of the collision, Plaintiff Bryan Smith was injured and both Plaintiffs continue to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE – DEFENDANT PAUL HORTON

At the time of the motor vehicle collision, Defendant Paul Horton was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when unsafe to do so;

3. Defendant failed to drive in a single lane;

4. Defendant failed to keep an assured safe distance from Plaintiffs' vehicle;

5. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question; and

6. Defendant failed to operate his 18-wheeler at a safe speed.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiffs.

### B. NEGLIGENT ENTRUSTMENT – DEFENDANTS COASTAL CARRIERS AND SUKHNINDER KAUR

As an additional cause of action, Plaintiffs would show that at the time and on the occasion in question, Defendants Coastal Carriers and Sukhninder Kaur were the owners of the vehicle driven by Defendant Paul Horton. Defendants Coastal Carriers and Sukhninder Kaur entrusted the vehicle to Defendant Paul Horton. Defendant Paul Horton was unlicensed, incompetent, and/or reckless and Defendants Coastal Carriers and Sukhninder Kaur knew or should have known that Defendant Paul Horton was unlicensed, incompetent, and/or reckless. Defendant Paul Horton's negligence on the occasion in question proximately caused the collision.

### C. NEGLIGENCE – DEFENDANT COASTAL CARRIERS

Defendant Coastal Carriers failed to properly train and/or supervise Defendant Paul Horton in order to prevent such collision.

### D. GROSS NEGLIGENCE – DEFENDANTS COASTAL CARRIERS AND SUKHNINDER KAUR

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendants Coastal Carriers and Sukhninder Kaur, because Defendants' conduct was of such character as to constitute gross

negligence. Defendants Coastal Carriers and Sukhninder Kaur's actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendants Coastal Carriers and Sukhninder Kaur had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendants Coastal Carriers and Sukhninder Kaur chose to allow Defendant Paul Horton to operate a vehicle under Defendants Coastal Carriers and Sukhninder Kaur's motor carrier authority on public roadways at the time of the collision.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiffs suffered extensive injuries and damages. As a result of Plaintiffs' injuries, Plaintiffs suffered the following damages:

a. Medical expenses in the past and future as to Plaintiff Bryan Smith;

b. Lost wages in the past and loss of earning capacity in the future as to Plaintiff Bryan Smith;

c. Disfigurement as to Plaintiff Bryan Smith;

d. Physical pain and suffering in the past and future as to Plaintiff Bryan Smith;

e. Mental anguish in the past and future.

f. Physical impairment in the past and future as to Plaintiff Bryan Smith; and

g.  Loss of consortium.

## VIII. LOSS OF CONSORTIUM

As a proximate result of Defendants' negligence, Plaintiffs suffered a loss of consortium in the past and will continue to suffer from a loss of consortium in the future.

## IX. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## X. DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiffs serve to Defendants Plaintiffs' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant.

## XI. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiffs hereby give notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## XII. JURY TRIAL

Plaintiffs demand a trial by jury and include the appropriate jury fees.

## XIII. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIV. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiffs recover judgment against Defendants for:

1. Plaintiff Bryan Smith's past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;

2. Plaintiff Bryan Smith's future medical expenses;

3. Plaintiff Bryan Smith's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff Bryan Smith's disfigurement;

5. Plaintiff Bryan Smith's physical pain and suffering in the past and future in an amount to be determined by the jury;

6. Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

7. Plaintiff Bryan Smith's physical impairment in the past and future in an amount to be determined by the jury;

8. Loss of Consortium;

9. Interest on the judgment at the legal rate from the date of judgment;

10. Pre-judgment interest on Plaintiffs' damages as allowed by law;

11. All costs of court; and

12. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Rachel Hatten Adams*
    **RACHEL HATTEN ADAMS**
    State Bar No. 24101883
    rachel.hatten@witheritelaw.com
    **AMY K. WITHERITE**
    State Bar No. 00788698
    amy.witherite@witheritelaw.com
    10440 N. Central Expressway
    Suite 400
    Dallas, TX 75231-2228
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFFS**